# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSICA A. JENKINS, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 13-CV-796-GKF-PJC |
| ) | |
| MOVIN ON TRANSPORTATION, INC., ) | |
| an Oklahoma corporation, and ROYCE G. ) | |
| CASKEY, an individual, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the court is the Motion to Remand [Dkt. #13] filed by plaintiff Jessica A. Jenkins ("Jenkins"). Defendants Movin on Transportation, Inc. and Royce G. Caskey oppose the motion.

### Background and Procedural History

Plaintiff, a former employee of Movin on Transportation, filed this lawsuit on October 31, 2011, asserting six causes of action: (1) wrongful termination in violation of her employment agreement; (2) wrongful termination in violation of Oklahoma public policy and Oklahoma state law; (3) sexual harassment; (4) battery; (5) slander *per se*; and (6) failure to pay overtime compensation. [Dkt. #2-1, Petition at 2-5]. With respect to the sixth claim, plaintiff alleged:

> 19. Paragraphs 1 through 18, both inclusive, are incorporated by reference as if set forth again in their entirety.
>
> 20. Under applicable law, Plaintiff was entitled to receive overtime compensation of at least $1,864.26 during her employment, and is now entitled to judgment for

>twice the amount which she was to have received as overtime compensation, plus attorney fees and costs.

[*Id.* at 4-5, ¶¶19-20].

On November 14, 2011, defendants removed the case to this court based on federal question jurisdiction. [Case No. 11-CV-710-CVE-PJC, Dkt. #2, Notice of Removal]. Defendants asserted that because there is no Oklahoma law that entitles any employee to overtime compensation, their removal was premised on the Fair Labor Standards Act, 29 U.S.C. § 216(b), which requires employers to pay nonexempt employees overtime wages. [*Id.*, Dkt. #2 at 1-2]. On December 14, 2011, plaintiff moved to remand the case to state court, arguing she was relying solely on state law in support of her overtime claim. [*Id.*, Dkt. #12 at 1-3]. Specifically, plaintiff asserted she was entitled to overtime based on the employee handbook, which "promised to pay her time and one-half regular pay for time worked exceeding forty (40) hours in any given work week," and the Oklahoma Protection of Labor Act, 40 Okla. Stat. § 165.1, *et seq.* ("OPLA"). [*Id.*]. Defendants argued that Oklahoma law does not provide for recovery of overtime wages, and any statutory entitlement to overtime compensation is a product of federal law. [*Id.*, Dkt. #14].

The court granted plaintiff's Motion to Remand, finding defendants' arguments were merely defenses to plaintiff's overtime claim and "the Court may not exercise federal question jurisdiction over a removed case based solely on a federal defense to a state law claim." [*Id.*, Dkt. #16 at 4].

After remand, the Tulsa County District Court entered a scheduling order setting a deadline of May 4, 2012, by which parties were to join additional parties or amend the pleadings. [Case No. 13-CV-796-GKF-PJC, Dkt. #11-1 at 30]. Plaintiff never amended her Petition. On November 14, 2012, defendants filed their Motion for Summary Judgment as to all of plaintiff's

2

claims, including her claim for overtime compensation. In their brief in support of the motion, defendants noted that "[f]ederal law requires the payment of overtime wages; however, Plaintiff chose not to sue under federal law but to proceed on the basis of state law and the Employee Handbook." [Dkt. #11-1 at 236 n.2]. Defendants offered testimony that plaintiff and defendants had agreed to a compensation scheme different from that set forth in the Employee Handbook. [*Id.* at 226-27]. In her January 4, 2013 response to the motion for summary judgment, plaintiff asserted:

> Based on the handbook and separately on 40 O.S. § 165.1, *et seq.*, Plaintiff is entitled to salaries, holiday and vacation pay, and overtime. Similarly, Plaintiff is also entitled to twice her overtime pursuant to 29 U.S.C. § 216(b). Where one such as Plaintiff has alternate theories of recovery, one state and one federal, she is allowed to pursue both in state court after remand. *Cuomo vs. Dell, Inc.*, 514 F.Supp.2d 397, 400-401 (N.D. N.Y. 2007).

[*Id.* at 421]. Defendant's motion for summary judgment was overruled on January 18, 2013. [Dkt. #11-2 at 10, State Court Docket Sheet]. At the pretrial conference on December 2, 2013, plaintiff—over defendants' objection—was permitted to add a claim for overtime wages arising under the FLSA, 29 U.S.C. § 216(b). [Dkt. #11-1 at 584].

After the Pretrial Order was filed on December 3, 2013, defendants removed the case to this court, asserting that "Judge Barcus had reversed Judge Eagan's conclusion that Plaintiff was not seeking damages under federal law." [Dkt. 315 at 4].

### Standard of Review

A defendant is entitled to remove to the appropriate federal district court any civil action over which district courts have original jurisdiction, including cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A cause of action "arises under" federal law when "the plaintiff's well-pleaded complaint raises issues of federal law." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 163 (1997).

"[S]tatutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005). Defendant bears the burden to prove the existence of federal subject matter jurisdiction. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001). "There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995); *Pritchett*, 420 F.3d at 1097.

### Discussion

Defendant contends the case first became removable on December 3, 2013, when the state court entered the pretrial order permitting plaintiff to pursue her overtime claim based on both state law and the FLSA. Plaintiff asserts that removal is untimely because defendants had notice in January 2013 that plaintiff was pursuing a federal alternative for overtime.

Under 28 U.S.C. § 1446(b)(3), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant "of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."[1]

The Tenth Circuit has stated:

> Under § 1446(b), the removal period does not begin until the defendant is able "to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts. If the statute is going to run, the notice ought to be unequivocal. It should not be one which may have a double design." Moreover, the circumstances permitting removal must normally come about as a result of a voluntary act on the part of the plaintiff.

---

[1] Additionally, 28 U.S.C. § 1446(c) provides that a case may not be removed under § 1446(b)(3) on the basis of diversity jurisdiction more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. This case, however, was removed based on federal question jurisdiction.

4

*Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1078 (10th Cir. 1999) (quoting *DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979)). "The failure to comply with these express statutory requirements for removal can fairly be said to render the removal 'defective' and justify a remand." *Id.* at 1077 (citing *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 (11th Cir. 1999)).

Numerous courts have held that responsive filings by the plaintiff constitute "other papers" which provide notice of a federal question and trigger the running of § 1446(b) time limits. *See Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 779 (9th Cir. 1994), *cert. denied*, 115 S. Ct. 351 (1994); 115 S. Ct. 778 (1995); 115 S. Ct. 779 (1995) (filing of reply brief challenging validity of a federal consent decree); *Jackson v. Brooke*, 626 F. Supp. 1215, 1217 (D. Colo. 1986) (filing of summary judgment response in which plaintiff asserted a § 1983 violation); *Parents United for Better Schools, Inc. v. Sch. Dist. of Philadelphia Bd. of Educ.*, 1996 WL 442887, at *4 (E.D. Pa. 1996) (filing of summary judgment response in which plaintiffs claimed a Fourteenth Amendment violation); *Schexnider v. Schexnider*, 2013 WL 5603808, at *4-5 (W.D. La. Oct. 10, 2013) (filing of summary judgment response alleging Fourth Amendment and Fourteenth Amendment violations).

In this case, plaintiff's summary judgment response clearly asserted a claim that she was entitled to twice her overtime based on the FLSA. At that point, defendants had adequate information "to intelligently ascertain removability" of the case and "make a simple and short statement of the facts." *Huffman*, 194 F.3d at 1078. This is especially true in light of the previous wrangling over the FLSA issue.

Defendants argue plaintiff should be equitably estopped from challenging timeliness of the removal because she previously claimed her overtime claim was based solely on state law.

Courts in some circuits have permitted tolling of the § 1446(b) time limits in cases involving "exceptional circumstances." *See, i.e., Vogel v. U.S. Office Prods. Co.*, 56 F. Supp. 2d 859, 865-66 (W.D. Mich. 1999) (tolling was warranted when court clerks lost first notice of removal submitted by one defendant, leading Magistrate Judge to dismiss first removal on grounds that all defendants had not joined in removal request); *White v. White*, 32 F. Supp. 2d 890 (W.D. La. 1998) (finding tolling was appropriate where the sequence of events related to service indicated plaintiff's counsel was attempting to set a "removal trap" by first serving an unsophisticated defendant who was the least likely to attempt removal); *Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 427-29 (5th Cir. 2003) (finding that plaintiff's consistent forum manipulation justified application of an equitable exception to the § 1446(b)'s one-year limitation on removal).

However, courts in the Tenth Circuit—including this court—have taken a restrictive review of the time limits imposed by § 1446(b).  In *Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324 (N.D. Okla. 2003), the court declined to grant an equitable exception to the one-year limit on removal, stating:

> The one year limitation upon removal lends itself to abuses and inequities . . . . However, it is for the Congress and not this Court to rewrite the provisions of section 1446(b) to curb such abuses.

*Id.* at 1327 (citations omitted).  *See also Ambler v. CorMedia LLC*, 2013 WL 3243497, at *3 (D. Kan. June 26, 2013) (declining to apply the equitable circumstances doctrine and stating, "[T]he Tenth Circuit has never adopted the exceptional circumstances doctrine in removal, and we have some considerable doubts that it would do so"); *Smith v. Time Ins. Co.*, 2009 WL 2869297 (D. Colo. Sept. 3, 2009) (construing the removal statute strictly and declining to apply equitable

tolling to § 1446(b)); *Medley v. RAG Am. Coal,* 2005 WL 2401867 (D. Utah Sept. 28, 2005) (same).

Moreover, the facts in this case do not warrant application of the exceptional circumstances doctrine. Nothwithstanding any earlier posturing by plaintiff, once defendants received her summary judgment response, they were clearly on notice that she was asserting an FLSA claim. They identify no subsequent developments that could have created confusion about the issue. Additionally, plaintiff's other causes of action are state law claims, and the case was on the verge of trial in state court. Therefore, trial in state court rather than federal court is appropriate.

Defendants have failed to carry their burden to prove existence of subject matter jurisdiction.

## Conclusion

For the reasons set forth above, plaintiff's Motion to Remand [Dkt. #13] is granted. The Court Clerk is directed to remand this case to the District Court of Tulsa County.

ENTERED this 24th day of April, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT