# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JESSICA A. JENKINS, an individual | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13-CV-796-GKF-PJC |
| | ) | |
| MOVIN ON TRANSPORTATION, INC., an Oklahoma corporation, and ROYCE G. CASKEY, an individual, | ) ) ) | (Tulsa County District Court Case No. CJ-2011-6621) |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the court is the Motion for Attorney Fees [Dkt. #21] of plaintiff Jessica A. Jenkins, seeking attorney fees related to remand of this action. Defendants Movin on Transportation, Inc. and Royce G. Caskey oppose the motion, arguing they had an objectively reasonable basis for removal. The court agrees and denies plaintiff's request for attorney fees.

**I. Background**

Plaintiff, a former employee of Movin on Transportation, filed suit on October 31, 2011, asserting six employment-based claims, including failure to pay overtime compensation. [Dkt. #4-1, Petition at 2-5].

On November 14, 2011, defendants removed the case to this court, asserting plaintiff's overtime claim was premised on the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"). [Case No. 11-CV-710-CVE-PJC, Dkt. #2, Notice of Removal]. On December 14, 2011, plaintiff moved to remand the case to state court, arguing she was relying solely on state law in support of her overtime claim. [*Id.*, Dkt. #11 at 1-2]. District Judge Claire V. Eagan granted plaintiff's Motion to Remand, finding defendants' arguments were merely defenses to plaintiff's overtime

claim and "the Court may not exercise federal question jurisdiction over a removed case based solely on a federal defense to a state law claim." [*Id.*, Dkt. #16 at 4]. The court also denied plaintiff's request for attorney fees, stating "[e]ven if removal was unsuccessful, the Court finds that defendant's notice of removal was based on reasonable factual and legal grounds." [*Id.* at 5].

After remand, the Tulsa County District Court entered a scheduling order setting a deadline of May 4, 2012, by which parties were to join additional parties or amend the pleadings. [Case No. 13-CV-796-GKF-PJC, Dkt. #11-1 at 30]. Plaintiff never amended her Petition. On November 14, 2012, defendants filed their Motion for Summary Judgment as to all of plaintiff's claims, including her claim for overtime compensation. In their brief in support of the motion, defendants noted that "[f]ederal law requires the payment of overtime wages; however, Plaintiff chose not to sue under federal law but to proceed on the basis of state law and the Employee Handbook." [Dkt. #11-1 at 236 n.2]. Defendants offered testimony that plaintiff and defendants had agreed to a compensation scheme different from that set forth in the Employee Handbook. [*Id.* at 226-27]. In her January 4, 2013 response to the motion for summary judgment, plaintiff asserted:

> Based on the handbook and separately on 40 O.S. § 165.1, *et seq.*, Plaintiff is entitled to salaries, holiday and vacation pay, and overtime. Similarly, Plaintiff is also entitled to twice her overtime pursuant to 29 U.S.C. § 216(b). Where one such as Plaintiff has alternate theories of recovery, one state and one federal, she is allowed to pursue both in state court after remand. *Cuomo vs. Dell, Inc.*, 514 F.Supp.2d 397, 400-401 (N.D. N.Y. 2007).

[*Id.* at 421]. Defendants' motion for summary judgment was overruled on January 18, 2013. [Dkt. #11-2 at 10, State Court Docket Sheet]. At the pretrial conference on December 2, 2013, plaintiff—over defendants' objection—was permitted to add a claim for overtime wages arising under the FLSA, 29 U.S.C. § 216(b). [Dkt. #11-1 at 584].

2

After the Pretrial Order was filed on December 3, 2013, defendants again removed the case to this court, asserting the addition of a FLSA claim to the Pretrial Order rendered the case removable by providing this court with federal question jurisdiction. [Dkt. #4]. Plaintiff moved to remand on the basis that defendants had failed to remove within 30 days after plaintiff's summary judgment response placed them on notice that the case was removable.[1] The undersigned remanded the case, finding plaintiff's assertion of a claim pursuant to 29 U.S.C. § 216(b) in her summary judgment response placed defendants on notice of removability, pursuant to 28 U.S.C. § 1446(b)(3). [Dkt. #18]. As defendants failed to remove within 30 days after plaintiff's summary judgment response was filed, removal was untimely. Following the restrictive view taken by other courts in the Tenth Circuit regarding the time limits imposed by § 1446(b), the court refused to equitably toll defendants' removal time. [*Id.* at 6].

On May 8, 2014, plaintiff filed the Motion for Attorney Fees. [Dkt. #21].

**II. Discussion**

Title 28 U.S.C. § 1447(c) governs remand for lack of subject matter jurisdiction: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[2] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Garrett v. Cook*,

---

[1] Under 28 U.S.C. § 1446(b)(3), "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

[2] Although this court has already remanded the case, it retains jurisdiction to consider collateral matters after remand, including a motion for attorney fees. *See Gregory v. Fallin*, 2014 WL 769157, at *1 (W.D. Okla. Feb. 26, 2014).

652 F.3d 1249, 1254 (10th Cir. 2011). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "[A]n award of fees under § 1447(c) is left to the district court's discretion, with no heavy congressional thumb on either side of the scales." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139, 126 S. Ct. 704, 710, 163 L. Ed. 2d 547 (2005).

Plaintiff contends the untimeliness of defendants' removal is a basis for awarding attorney fees. In support, plaintiff cites *Garrett v. Cook*, 652 F.3d 1249 (10th Cir. 2011) ("A defendant's untimeliness in filing his notice of removal is 'precisely the type of removal defect contemplated by § 1447(c).'") (quoting *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128, 116 S. Ct. 494, 133 L.Ed.2d 461 (1995)). However, untimeliness itself is measured against the objective reasonableness requirement. *See id.* In *Garrett*, defendant's untimeliness was more extreme than in this case, as the notice of removal was filed "years late." *Id.* at 1254. Furthermore, the award of attorney fees was premised not merely on untimeliness, as the district court also noted defendant's "novel, largely unsupported arguments and procedural machinations." *Id.* at 1253.

Defendants in this case contended plaintiff's summary judgment response did not provide notice of plaintiff's federal claim, thus starting the 30-day time to remove. While this court did not ultimately find defendants' argument persuasive, especially given the "previous wrangling over the FLSA issue" [Dkt. #18 at 5], it was not objectively unreasonable. Defendants must allege merely a reasonable, not a successful basis for removal. *See Martin*, 126 S. Ct. at 711 (awarding fees simply because the party did not prevail 'could discourage all but the most airtight claims, for seldom can a [party] be sure of ultimate success'") (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422, 98 S. Ct. 694, 700, 54 L. Ed. 2d 648 (1978)). As the Supreme

4

Court has noted, "there is no reason to suppose Congress meant to confer a right to remove, while at the same time discouraging its exercise in all but obvious cases." *Martin*, 126 S. Ct. at 711. But for defendants' untimeliness—a point the parties reasonably contended—removal may have been proper. *See Gregory v. Fallin*, 2014 WL 769157, at *2 (W.D. Okla. Feb. 26, 2014).

Plaintiff contends defendants had no objectively reasonable basis to argue for an equitable exception to the time limits of § 1446(b), because this was foreclosed by Tenth Circuit law. However, while this court noted in its April 24, 2014 order that other courts in this circuit have taken a restrictive view of § 1446(b)'s time limits, the Tenth Circuit Court of Appeals has yet to address the issue, and courts in other circuits have permitted equitable tolling under this subsection. *See, i.e., Vogel v. U.S. Office Prods. Co.*, 56 F. Supp. 2d 859, 865-66 (W.D. Mich. 1999); *White v. White*, 32 F. Supp. 2d 890 (W.D. La. 1998); *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 427-29 (5th Cir. 2003).

Moreover, this court has discretion to consider whether unusual circumstances, including "a plaintiff's . . . failure to disclose facts necessary to determine jurisdiction" warrant departure from the general rule. *Martin*, 126 S. Ct. at 711. Plaintiff in this case initially stated she was not asserting a federal cause of action, choosing to wait until her summary judgment response to change tack—after the deadline for amendment of the petition had passed. While defendants made the choice to remove, plaintiff's maneuvering has been a primary cause of the procedural wrangling in this case.

As the court declines to award attorney fees, defendants' argument that the claimed fees are excessive is moot.

5

**III. Conclusion**

For the reasons set forth above, the court declines to award attorney fees under § 1447(c).

WHEREFORE, the Motion for Attorney Fees [Dkt. #21] is denied.

DATED this 29th day of July, 2014.

_____
GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT